[Crim. No. 233.  Second Appellate District.—April 1, 1912.]

In the Matter of the Application of JOHN F. ANDERSON, for Writ of Habeas Corpus.

MUNICIPAL ORDINANCE—STANDING OF CARRIAGES ON STREETS—HABEAS CORPUS—ALLEGED UNCONSTITUTIONALITY NOT APPARENT—REMAND TO CUSTODY.—Where a petitioner for a writ of *habeas corpus*, who has been held for a violation of a city ordinance regulating the standing of carriages on the streets of the city, having made default in the payment of a fine for its violation, assigns as a ground for discharge that the ordinance is unconstitutional and void, but has filed no brief, and cited no authority for his contention, it is held not the duty of this court to seek for some reason for his discharge on the ground proposed, and where from an inspection of the ordinance it discloses no apparent infirmity, the petitioner will be remanded to the proper custody.

18 Cal. App.—38

Id.—Appropriate Action of Courts on Questions of Constitutionality.—Courts will not hold statutes or ordinances unconstitutional unless it is clearly shown that they are inconsistent with the fundamental law.

APPLICATION for discharge upon writ of *habeas corpus*.

The facts are stated in the opinion of the court.

J. G. Rossiter, for Petitioner.

William J. Carr, for Respondent.

JAMES, J.—Petitioner herein, after having been convicted of violating an ordinance of the city of Pasadena designed to regulate the standing of public carriages on the streets of said city, and after having been imprisoned in default of payment of a fine imposed by the police court, petitioned for release upon *habeas corpus*. In his petition he assigned as ground thereof that the ordinance under which his conviction was had is unconstitutional and void. Although time was allowed petitioner within which to file a brief and point out wherein the provisions of the ordinance are in conflict with the constitution, no brief has been filed and no authorities cited in support of the petition. We conceive it not to be the duty of this court to seek for some cause which shall result in nullifying the ordinance on the ground proposed by petitioner. An inspection of the ordinance does not disclose any apparent infirmity of the kind suggested, and with that conclusion we shall rest content, unless differently convinced in a case where the contentions here made are supported by argument or authority. Courts will not hold statutes or ordinances unconstitutional unless it is clearly shown that they are inconsistent with the fundamental law. (*Deyoe* v. *Superior Court*, 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28].)

The writ is discharged and the prisoner remanded to the custody of the chief of police of the city of Pasadena.

Allen, P. J., and Shaw, J., concurred.